**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:24-cv-00276-MR**

| | |
|---|---|
| **LINWOOD E. DUFFIE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **ORDER** |
| ) | |
| ) | |
| **UNITED STATES OF AMERICA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the transfer of this matter from

the United States District Court for the District of Columbia to this Court.

[Doc. 13].

**I.     BACKGROUND**

Pro se Plaintiff Linwood E. Duffie ("Plaintiff") filed this action on

November 3, 2023 in the United States District Court for the District of

Columbia against Defendants United States of America, United States

District Judge Louise W. Flanagan, the State of North Carolina, and Lexis

Publishings, which Plaintiff's alleges is located in Charlottesville, Virginia.

[Doc. 1].   Plaintiff is a prisoner of the State of North Carolina currently

incarcerated at the Eastern Correctional Facility in Maury, North Carolina.[1] In his Complaint, Plaintiff complains about (1) the allegedly unconstitutional North Carolina habitual felon statute and its state-wide application;[2] (2) the alleged unlawful enhancement of his sentence; (3) alleged conditions of confinement during the COVID-19 pandemic; (4) the alleged denial of adequate medical treatment for a serious medical condition; and (5) the dismissal of Plaintiff's class action lawsuit brought under 42 U.S.C. § 1983 by Judge Flanagan.  [Doc. 1].  For relief, Plaintiff demands repeal of the offending North Carolina statute and monetary damages.  [Id. at 10].

On February 7, 2024, United States District Judge Rudolph Contreras ordered that this matter be transferred to the United States District Court for the Western District of North Carolina.  [Doc. 11].  In transferring the matter, Judge Contreras noted that Plaintiff is incarcerated in North Carolina and that none of his claims appear to have occurred in the District of Columbia. Judge Contreras also noted that, although Plaintiff names the United States of America as a Defendant, he alleges nothing connecting the United States to any alleged harm.  [Id. at 2].

---

[1] Maury, North Carolina, is in the Eastern District of North Carolina.

[2] According to the North Carolina Department of Adult Corrections website, Plaintiff was convicted of being a habitual felon on November 21, 2013, in Pitt County, North Carolina, which is also in the Eastern District.

2

## II.    DISCUSSION

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: (b) A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Other than Plaintiff's allegations about the state-wide application of the North Carolina habitual felon statute and the failure of "all North Carolina state prison wardens" to reduce capacity during the COVID-19 pandemic, no alleged events or omissions giving rise to Plaintiff's Complaint occurred in this District.  Because Plaintiff's more specific claims regarding the denial of adequate medical care, his state habitual felon conviction, and his claim against Judge Flanagan arose in the Eastern District and because Plaintiff resides there, the Court will transfer this action to the Eastern District of North Carolina where venue is more appropriate.

### III.   CONCLUSION

For the reasons stated herein, the Court transfers this action to the Eastern District of North Carolina.

**IT IS, THEREFORE, ORDERED** that:

1.    Plaintiff's action is transferred to the Eastern District of North Carolina.

2.    The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: March 11, 2024

Martin Reidinger
Chief United States District Judge